**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**REGINALD MARCEL JOHNSON,**

               **Petitioner,**

    v.                                      **CASE NO. 18-3260-SAC**

**BRAD CAIN, ET AL.,**

               **Respondents.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**Background**

In 2008, a jury in the District Court of Sedgwick County, Kansas convicted Petitioner of the first-degree murder of his wife, Amy Whiteman. *State v. Johnson*, 290 Kan. 1038, 1041 (Kan. 2010) (*Johnson I*); *Johnson v. State*, 2020 WL 2503264, at *1 (Kan. Ct. App. 2020) (*Johnson IV*), *rev. denied* March 12, 2021. He was sentenced to life in prison without possibility of parole for 25 years. *Johnson I*, 290 Kan. at 1041. Petitioner pursued a direct appeal of his conviction to the Kansas Supreme Court (KSC), which affirmed Petitioner's conviction on August 6, 2010. *Id.* at 1038.

Petitioner timely filed a motion for habeas corpus under K.S.A. 60-1507, but the district court dismissed it without prejudice when Petitioner failed to file a memorandum in support. Petitioner then timely filed a second 60-1507 motion "alleging numerous grounds on

which his trial lawyer's performance was constitutionally ineffective, thereby violating the right to counsel protected in the Sixth and Fourteenth Amendments to the United States Constitution."[1] *Johnson v. State*, 2014 WL 1362929, at *2 (Kan. Ct. App. 2014) (*Johnson II*). Petitioner later filed an amended 60-1507 motion in the same case, repeating some issues but also raising new ones. *Id.* The state district court appointed counsel to represent Petitioner, heard argument, and denied Petitioner relief without holding an evidentiary hearing. *Id.* at *3.

Petitioner appealed to the Kansas Court of Appeals (KCOA), which held that the district court should have held an evidentiary hearing. *Id.* Accordingly, the KCOA reversed the denial and remanded, directing the district court to appoint new counsel for Petitioner, determine which claims in the amended petition were timely, identify which timely claims would require production of evidence, and hold an evidentiary hearing. *Id.* at *10.

After holding the evidentiary hearing, the state district court again denied Petitioner's 60-1507 motion. *Johnson v. State*, 2017 WL 3836912, at *1 (Kan. Ct. App. 2017) (*Johnson III*), *rev. denied* April 25, 2018. Petitioner appealed, but the KCOA affirmed the denial. *Id.* at *1, 11. The KSC denied review on April 25, 2018.

In June 2018, Petitioner filed a third 60-1507 motion in state district court, asserting additional grounds on which trial counsel was ineffective. *Johnson IV*, 2020 WL 2503264, at *3. In July 2018, the district court denied the motion, in part because it was untimely and successive. *Id.*; *see also* Kansas Appellate Courts Clerk

---

[1] To the extent that Petitioner's specific claims are relevant to this initial review of his amended complaint, they are addressed in more detail below.

of the Appellate Courts Case Search, Case No. 120,688. Petitioner filed a timely notice of appeal. *Id.*

On October 11, 2018, Petitioner filed in this Court his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) After an initial review of the petition, the Court issued an order directing Petitioner to show cause why the action should not be dismissed without prejudice to allow him to complete the related ongoing state-court proceedings. (Doc. 5, p. 1-2.) In response to that order, Petitioner explained his concern about timely initiating his federal habeas proceedings in compliance with 28 U.S.C. § 2244(d). (Doc. 6, p. 1-2.) Petitioner requested that the Court stay the federal habeas proceedings until the state-court proceedings were final. *Id.* at 2. The Court granted the request. (Doc. 7.)

Meanwhile, Petitioner proceeded with his appeal to the KCOA, which issued its opinion on May 15, 2020. *Johnson IV*, 2020 WL 2503264, at *1. Because the procedural bars to considering the merits of Petitioner's arguments were prudential, not jurisdictional, the KCOA exercised its discretion and considered the merits of Petitioner's arguments. *Id.* at *4. It then found, however, that Petitioner had failed to establish ineffective assistance of trial counsel. *Id.* at *5. The KSC denied review on March 29, 2021.

Petitioner promptly informed this Court that the state-court proceedings had concluded and requested that the Court lift the stay in these federal proceedings and grant leave to file an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docs. 8 and 9). The Court granted the motions, and Petitioner filed

his amended petition on August 2, 2021. (Docs. 10 and 11.) The Court has conducted an initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and has identified the following deficiencies.

### Ground 1

In Ground 1, Petitioner alleges "[p]ost-conviction counsel was ineffective for failing to present [a] claim of ineffective assistance of trial counsel for failing to file [a] pretrial Motion in Limine to exclude highly inflammatory hearsay testimony by [the] state's primary witness Lisa Sandoval." (Doc. 11, p. 8.) Under 28 U.S.C. § 2254(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."[2][3] Thus, Ground 1 is barred by federal statute.

### Ground 6

In Ground 6, Petitioner asserts trial counsel was ineffective for failing to protect Petitioner's patient-psychotherapist privilege. (Doc. 11, p. 18.) Specifically, Petitioner argues trial counsel should have objected on privilege grounds when the State presented at trial a report from Petitioner's psychotherapist, Dr. Burns. *Id.* Petitioner raised this issue in the state courts during

---

[2] Petitioner does not identify the post-conviction counsel to which he refers, and four attorneys represented him at various post-conviction proceedings. (Doc. 11, p. 37.) Even if Petitioner could overcome the prohibition in 28 U.S.C. § 2254(i), he would need to identify which post-conviction counsel he contends was ineffective.

[3] To the extent that Petitioner refers generally to "*Martinez v. Ryan*" with respect to Ground 1 (*see* Doc. 11, p. 10), the Court presumes Petitioner means *Martinez v. Ryan*, 556 U.S. 1 (2012). *Martinez* applies when a federal habeas petitioner wishes to bring a claim that *trial* counsel was ineffective. *Id.* at 9 ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."). In contrast, Ground 1 alleges that *post-conviction* counsel was ineffective. Thus, *Martinez* is inapplicable, and it does not create an exception to the prohibition in 28 U.S.C. § 2254(i). *See id.* at 17.

his second 60-1507 proceedings, and it was considered during the evidentiary hearing on remand. *See* Appellant's Brief, Case No. 114,735, 2016 WL 6562023, at *3-4. The district court rejected the claim, as Petitioner stated in his appellate brief. *Id.* at *24, 34.

But the Kansas Court of Appeals held:

> "Deeming the issue abandoned, we will not address the brief reference to physician-patient privilege in [Petitioner's] complaints about his trial counsel's performance. He does not explain how it would be applicable, and an issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016)."

*Johnson III*, 2017 WL 3836912, at *1.[4]

"When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). In other words, if a state prisoner defaults a federal claim in state court by failing to follow an independent and adequate state rule of procedure, "federal habeas review of the claim[] is barred unless the prisoner can [(1)] demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [(2)] demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Because Ground 6 was rejected by the KCOA on procedural grounds, it may proceed only if Petitioner shows cause and prejudice or a fundamental miscarriage of justice. To demonstrate cause,

---

[4] The only privilege referred to in the appellate brief is the privilege that existed by virtue of Petitioner's relationship with his psychotherapist, Dr. Burns.

Petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). If Petitioner fails to show cause, the Court will not consider whether he establishes that the alleged constitutional error prejudiced him. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).

If Petitioner is unable to show cause and prejudice, he may overcome the procedural default by showing that this Court must review the claim to avoid "a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. This exception is available only in the "extraordinary" case where the petitioner is "innocent of the crime." *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991). To establish innocence of the crime, Petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt," which ordinarily means that Petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

Accordingly, the Court will direct Petitioner to explain why Ground 6 in his amended petition should not be summarily dismissed due to procedural default. Petitioner may show either cause and prejudice or show that review of Ground 6 is required to avoid a fundamental miscarriage of justice. If Petitioner fails to make this showing or fails to file a timely response, the claim in Ground 6 will be dismissed.

**Grounds 9, 10, and 12**

In Ground 9, Petitioner asserts that his trial counsel was ineffective by "failing to call witnesses Rhanda Magsalin, M.D., and Michael Burke M.D. of Good Shepard." (Doc. 11, p. 24.) In Ground 10, Petitioner asserts that trial counsel improperly shifted the burden of proof by informing the jury during opening argument that certain evidence would be presented but then failing to ever present that evidence. *Id.* at 26. In Ground 12, Petitioner asserts that his direct-appeal counsel was ineffective for failing to "conduct an adequate review of the record and transcripts and failed to raise and preserve issues on direct appeal." *Id.* at 30.

Petitioner advises the Court that he raised these issues in his direct appeal and in his 60-1507 proceedings both in the district court and on appeal. *Id.* at 24-25, 27. The information before the Court, however, does not support this assertion. Petitioner's direct appeal involved only a jury instruction issue. Although it appears that Petitioner raised these issues in his second 60-1507 proceedings in the district court, he did not argue on appeal after remand that the district court had erred by rejecting them. *See* Appellant's Brief, Case No. 114,735, 2016 WL 6562023. And neither of the two KCOA opinions on the merits of Petitioner's 60-1507 claims refers to these issues. *See Johnson III*, 2017 WL 3836912; *Johnson IV*, 2020 WL 2503264.

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion

requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion, or "[i]n all appeals from criminal convictions or post-conviction relief on or after July 1, 2018," he must have presented a claim to the KCOA and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). For the reasons stated above, Petitioner has not shown that he exhausted available state remedies on the issues presented in Grounds 9, 10, and 12.

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies. However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). K.S.A. 60-1507(c) states: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 60-1507(f) sets forth the one-year time limitation on filing 60-1507 motions. If Petitioner returned to state court to file another 60-1507 motion

to pursue the issues raised in Grounds 9, 10, and 12, it would be his fourth 60-1507 motion and would be well outside the one-year deadline. Thus, this Court does not find it appropriate to dismiss Grounds 9, 10, or 12 without prejudice to allow Petitioner to pursue state-court remedies.

> "Where the relevant state courts would now find those claims procedurally barred, there is a procedural default for purposes of federal habeas review. A petitioner may overcome the procedural bar only if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice."

*Grant*, 886 F.3d at 92 (internal citations and quotation marks omitted).

The nature and definitions of cause, prejudice, and fundamental miscarriage of justice in this context are identical to those described earlier in this order. Accordingly, the Court will direct Petitioner to explain why Grounds 9, 10, and 12 in his amended petition should not be summarily dismissed due to procedural default. Petitioner may either show cause and prejudice or show that review of Grounds 9, 10, and 12 is required to avoid a fundamental miscarriage of justice. If Petitioner fails to make this showing or to file a timely response, Grounds 9, 10, and 12 will be dismissed.

**IT IS THEREFORE ORDERED** that Petitioner is granted until September 13, 2021, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Grounds 1, 6, 9, 10, and 12 for habeas relief should not be dismissed for the reasons stated above.

**IT IS SO ORDERED.**

DATED:  This 12th day of August, 2021, at Topeka, Kansas.


                              S/ Sam A. Crow

                              SAM A. CROW
                              U.S. Senior District Judge