IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REGINALD MARCEL JOHNSON,

Petitioner,

v.                                          CASE NO. 18-3260-SAC

BRAD CAIN, ET AL.,

Respondents.

MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) and Petitioner's motion for appointment of counsel.

**Background**

The relevant procedural history was detailed in the Court's earlier NOSC (Doc. 12) and need not be repeated here. This action was filed initially in October 2018, and in October 2019, the Court stayed these proceedings pending the resolution of  related state-court matters. (Docs. 1, 7.) After those case concluded, this Court granted Petitioner's motion to lift the stay and also granted him leave to file an amended petition. (Doc. 10.) Petitioner filed an amended petition (Doc. 11), which the Court reviewed, and the Court then issued the NOSC directing Petitioner to show cause why Grounds 1, 6, 9, 10, and 12 should not be dismissed (Doc 12).

In his response, Petitioner concedes that Grounds 6, 9, 10, and 12 should be dismissed. (Doc. 13, p. 1.) Accordingly, the Court will do so. With respect to Ground 1, however, Petitioner seeks leave to amend the claim. *Id.* at 2.

**Discussion**

<b>Respondent</b>

As an initial matter, the Court sua sponte addresses the respondents named in this matter: Oregon Attorney General Ellen F. Rosenblum and Jamie Miller, the Superintendent at Oregon's Snake River Correctional Institution (SRCI), where Petitioner is currently housed. (Doc. 11, p. 1.) In federal habeas challenges, the "default rule is that the proper respondent is the warden of the facility where the prisoner is being held" because the warden is the "person who has custody over [the petitioner]." *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). But the matter now before this Court presents special circumstances: although the warden of SRCI has immediate *physical* custody of Petitioner, that custody does not result from an Oregon conviction.

Instead, Petitioner is in custody pursuant to Kansas convictions and the resulting sentences that were imposed in Kansas. Under these circumstances, the Oregon respondent is merely acting as an agent of Kansas by incarcerating Petitioner pursuant to his Kansas convictions to serve his Kansas sentences. *See Watson v. Figueroa*, 2008 WL 23291026, *2-8 (W.D. Okla. 2008) (unpublished order adopting report and recommendation that discussed in detail the proper respondent when a convicting state transfers a habeas petitioner to an out-of-state private prison that, under contract, provides incarceration services).

Thus, the appropriate respondent in this action appears to be Jeff Zmuda, Kansas' Secretary of Corrections. As such, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 259d) and 81(a)(4) of the Federal

Rules of Civil Procedure, the Court will substitute Jeff Zmuda as the sole Respondent in this action.

## Ground 1

In Ground 1, Petitioner alleges "[p]ost-conviction counsel was ineffective for failing to present [a] claim of ineffective assistance of trial counsel for failing to file [a] pretrial Motion in Limine to exclude highly inflammatory hearsay testimony by [the] state's primary witness Lisa Sandoval." (Doc. 11, p. 8.) The NOSC pointed out that Petitioner had failed to identify the post-conviction counsel to which Ground 1 referred. (Doc. 12, p. 4 n. 2.) To correct that omission, Petitioner proposes amending Ground 1 to identify Michael C. Brown as the relevant counsel. (Doc. 13, p. 2.)

As the Court also noted in the NOSC, however, 28 U.S.C. § 2254(i) states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." (Doc. 12, p. 4.) Thus, the NOSC concluded that Ground 1 is barred by federal statute. *Id.* To rectify this, Petitioner proposes amending Ground 1 "to remove the word '*ineffective*' and replace with '*inadequate*.'" (Doc. 13, p. 2.)

Even with the proposed amendments, Ground 1 would remain barred under 28 U.S.C. § 2254(i). The amended petition reflects that Michael C. Brown represented Petitioner only in post-conviction proceedings. (Doc. 11, p. 37.) And replacing the word "ineffective" with its synonym would not change the basis for the claim – that postconviction counsel provided unconstitutionally defective representation. Under § 2254(i), such claims are not grounds for

federal habeas relief. Thus, the proposed amendments would be futile, Petitioner is not entitled to federal habeas relief on Ground 1, and the Court will dismiss Ground 1.

### Motion to Appoint Counsel

In August 2019, when the Court stayed this matter pending resolution of the related state-court action, it denied Petitioner's motion to appoint counsel with the provision that the Court would review the matter at the close of the state-court proceedings. (Doc. 7, p. 2.) Petitioner has now filed a motion for reconsideration of appointment of counsel. (Doc. 14.)

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Petitioner offers the following reasons in support of his request: (1) he is currently incarcerated in Oregon; (2) counsel

and/or an investigator will be necessary to locate and speak with witnesses who have previously evaluated Petitioner; (3) in case of an evidentiary hearing, counsel will be required to prepare and examine or cross-examine witnesses; (4) counsel will be needed to otherwise prepare witnesses to provide material facts that will support Petitioner's claims; and (5) "[t]he Court should appoint counsel 'in the interest of justice.'" (Doc. 14, p. 1-2.)

At this early stage in the proceedings, the Court concludes that it is not in the interest of justice to appoint counsel. It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). If this action develops in a way that requires counsel to be appointed, the Court may do so at a later date. For example, if discovery is authorized in this matter, the Court may reconsider whether appointment of counsel is appropriate. *See* Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254. Similarly, if an evidentiary hearing is warranted, the Court may consider appointment of counsel. *See* Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254. At this preliminary stage of the proceedings, however, the request is denied without prejudice.

**Conclusion**

For the reasons stated above and in the Court's previous NOSC, the Court will dismiss Grounds 1, 6, 9, 10, and 12 in the amended petition. The matter will proceed on Grounds 2, 3, 4, 5, 7, 8, 11, 13, and 14. With respect to these remaining grounds for relief, the Court has examined the amended petition (Doc. 11) and finds that:

1. Petitioner is presently a prisoner in the custody of the

State of Kansas[1]; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

**IT IS THEREFORE ORDERED:**

1. That Respondent is hereby required to show cause within thirty (30) days from the date of this order why the writ should not be granted.

2. That the response should present:

   a. The necessity for an evidentiary hearing on each of the grounds alleged in Petitioner's pleading; and

   b. An analysis of each of said grounds and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this court for examination and review the following:

The records and transcripts, if available, of the criminal proceedings complained of by Petitioner; if a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings.

3. Upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state

---

[1] Although Petitioner is currently housed outside of Kansas, he is incarcerated pursuant to Kansas convictions. *Cf. Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (stating that a § 2254 petition should be filed "in the district in which [the petitioner] was convicted and sentenced," not necessarily where the petitioner is currently confined).

court all state court records and transcripts.

4. That Petitioner be granted thirty (30) days after receipt by him of a copy of Respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of this Court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS FURTHER ORDERED** that Grounds 1, 6, 9, 10, and 12 are **dismissed.**

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (Doc. 14) is **denied.**

**IT IS FURTHER ORDERED** that Jeff Zmuda, Kansas Secretary of Corrections, shall be substituted as the sole respondent in this matter. The Clerk is directed to alter the docket to reflect the substitution.

**IT IS SO ORDERED.**

DATED: This 30th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge